**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed August 29, 2023.**



In The

# Fourteenth Court of Appeals

———

### NO. 14-23-00227-CR

———

### IN RE RYAN JIVARO WHITAKER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1463151**

---

## MEMORANDUM OPINION

On April 10, 2023, relator Ryan Jivaro Whitaker filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Chris Morton, presiding judge of the 230th District Court of Harris County, to "rule and/or pass judgment on each of his properly filed post-conviction pro se motions pending before the trial court . . . ."

On July 27, we notified relator of procedural deficiencies with his petition for a writ of mandamus:

> Relator's petition does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(j); 52.7(a). Relator has not certified that he "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." *See* Tex. R. App. P. 52.3(j). Additionally, relator did not include with his petition a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See* Tex. R. App. P. 52.7(a). An unsworn declaration is an alternate method that relator may use for certification. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001.

We also notified relator that "his petition for writ of mandamus will be dismissed unless relator supplements and/or amends his petition to addresses the issues identified above on or before August 27, 2023."

On August 23, 2023, relator filed a timely amended petition that included an unsworn declaration authenticating the documents attached to his petition, but relator neither certified that he "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record" (*see* Tex. R. App. P. 52.3(j)), nor included "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained" (*see* Tex. R. App. P. 52.7(a)).

Because there is not a proper record, we dismiss the petition for want of prosecution without ruling on the merits of relator's petition and without prejudice to relator filing a new original proceeding that complies with the Texas Rules of Appellate Procedure. *See generally In re Kholaif*, 624 S.W.3d 228 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding).

PER CURIAM

Panel consists of Justices Spain, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).